ROYCE v. BRADBURN.

The complaint, in a proceeding under the statute of forcible entry and detainer, (R. S. 1838, p. 490, ch. 5,)and the act amendatory thereto, (S. L. 1840, p. 83,) should allege all the facts necessary to give the justices jurisdiction.

The summary remedy which the statute, (S. L. 1840, p. 84, § 5,) provides for obtaining posession, after redemption expired, of premises sold on mortgage foreclosure, or under execution, applies only where there is a *privity* between the parties; and not where the grantee of a purchaser on sale under execution, seeks to recover possession from a person holding adversely to the judgment debtor.

CERTIORARI, brought by Royce, to reverse a judgment which Bradburn had recovered against him in proceedings before two justices of the peace of Washtenaw county, under the statutes of forcible entry and detainer.  R. S. 1838, p. 490, ch. 5 ; S. L. 1840, p. 83.  The cause was heard and determined at the January Term, 1842, of this court.

*E. Mundy*, for the plaintiff in error.

*Hawkins & Lawrence*, for the defendants.

WHIPPLE, J. delivered the opinion.  From the return of the justices to the writ of certiorari in this cause, it appears that Bradburn filed a complaint with the justices before whom this cause was tried, setting forth, that, on the 14th November, 1837, a judgment was rendered in the circuit court of the county of Washtenaw, against William Mead, Kenneth Davidson, and Olney Hawkins, in favor of Enoch Jones, for the sum of $312.60 damages, and $10.12 costs of suit; that on the 1st of December following, an execution was sued out upon said judgment; that the sheriff, on the 3d January, 1838, levied on the interest of Mead in and to a certain piece of land described in the complaint, and sold the same, on the 16th June following, to Edwin Lawrence, for the sum of $256.93 ; that the sheriff, on the same day executed to Lawrence the certificate provided for by statute, and filed the same in the office of the register of deeds ; that the premises not being redeemed, the sheriff executed to Lawrence a deed of the same, on the 19th June, 1840, and that, on the same day, Lawrence conveyed the premises to Bradburn.  The complaint then sets forth that Bradburn, by reason of the facts in said complaint stated, is legally entitled to the possession of the premises, and that Royce unlawfully detains the possession thereof from him.  The complainant then sets forth that, being owner of the said premises and entitled to the possession of the same, he gave notice to Royce to quit and deliver up to him the possession of said premises, which he neglected and refused to do ; and avers that Royce "unlawfully, and with strong hand, continues, wrongfully, and wilfully to hold possession of the same;" and concludes with a prayer for process.

The complaint indicates that the proceedings were had by virtue of the provisions of the act of 1840, (S. L. 1840, p. 83,) the fifth section of which provides, " that after the expiration of the time for redemption upon any sale of mortgaged premises, or under execution, the purchaser or purchasers at such sale, his or their heirs or assigns, may proceed to obtain possession of the premises in the same manner, as near as may be, as proceedings are or may be in cases where a tenant holds over after the expiration of a lease."

We have already decided, during the present term, in the case of *Caswell* v. *Ward*, that where the proceedings were instituted under the section above referred to, the complaint should, on its face, contain all the necessary facts and averments

Royce v. Bradburn.

showing that the court below have jurisdiction of the case; and if our construction of that section be right, this complaint is defective. It is clear that no party is entitled to the benefit of the provisions of the act of 1840, unless there is a *privity* between him and the party sought to be ejected. A judgment debtor, in possession of premises after sale, becomes *quasi tenant* to the purchaser; and a mortgagor in possession after the sale, sustains the like relation to the purchaser. Does it appear, then, on the face of the complaint itself, or in the proceedings, that this relationship existed between the parties in this cause? It actually does not. On the contrary, it is shown that Royce was in by virtue of a title derived from the same person, under whom the defendants in the execution claimed title. His possession, therefore, was adverse; and it will hardly be contended, that it was ever contemplated by the legislature to invest a justice's court with a jurisdiction so enormous, or with the investigation of questions of title, involving some of the most intricate, delicate and subtle principles known to the law. This never could have been intended; and such was the construction put upon a similar statute in New York, by the courts of that st te.

The conclusion, then, is, that the fifth section of the act of 1840, was only intended to apply to those cases where a privity existed between the party who institutes the proceedings, and the party sought to be ejected. As the record shows that, in point of fact, no such privity existed, the judgment below is reversed.

Wm. A. FLETCHER, C. J., and RANSOM and MORELL, Justices, concurred.

*Judgment reversed.*